## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| THE TRUSTEES OF THE NATIONAL AUTOMATIC SPRINKLER INDUSTRY PENSION FUND<br>8000 Corporate Drive<br>Landover, Maryland 20785<br>Prince George's County,<br><br>     Plaintiffs,<br><br>     v.<br><br>LIFE SAFETY ENGINEERED SYSTEMS, INC.,<br>60 Sonwil Drive<br>Buffalo, New York 14225-2425,<br><br>   Serve: Robert J. Vezina, President<br>   60 Sonwil Drive<br>   Buffalo, New York 14225-2425,<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

### (TO COLLECT WITHDRAWAL LIABILITY)

## PARTIES

1.      Plaintiffs, Trustees of the National Automatic Sprinkler Industry Pension Fund (hereinafter, the "Fund"), are the trustees of a multiemployer employee pension benefit plan as those terms are defined in 29 U.S.C. §§ 1002(2), (3), (37), and 1301(a)(3).  The Fund is established and maintained pursuant to a Restated Agreement and Declaration of Trust and to Collective Bargaining Agreements between affiliated local unions of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, AFL-CIO (hereinafter, the "United Association") and employers such as Life Safety

Engineered Systems, Inc.  The Fund is administered at 8000 Corporate Drive, Landover, Maryland.

2. Defendant Life Safety Engineered Systems, Inc. (hereinafter, the "Company" or "Defendant") is a corporation existing under the laws of the State of New York with its principal office located in Buffalo, New York.  The Company transacts or transacted business in the State of New York as a contractor or subcontractor in the sprinkler fitting industry and at all relevant times herein is an "employer in an industry affecting commerce," as defined in 29 U.S.C. §§ 142(1), (3), and 152(2); 29 U.S.C. § 1002(5), (9), (11), and (12); and 29 U.S.C. § 1001a.

## JURISDICTION

3. This Court has jurisdiction over this action under 29 U.S.C. §§ 1132, 1145 and 1451 because this is an action to collect withdrawal liability payments due to an employee benefit plan under the terms of the plan and the Employee Retirement Income Security Act of 1974, as amended ("ERISA").  The Court also has jurisdiction under 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States.

## VENUE

4. Venue is proper in this district pursuant to 29 U.S.C. §§ 1132(e)(2) and 1451(d) because the Fund is administered in this district.

## FACTS

5. Beginning in 2005, the Company was obligated to contribute, and did make contributions, to the Fund on behalf of its employees pursuant to successive Collective Bargaining Agreements between Local Union No. 669 of the United Association (hereinafter, "Local 669") and National Fire Sprinkler Association, Inc., and any amendments and interpretations thereof (collectively, "Collective Bargaining Agreement").  The Collective Bargaining Agreement established the terms and conditions of employment for the Company's

employees who are or were engaged in the installation, service, repair, and maintenance of fire sprinkler systems.

6.      Pursuant to the Collective Bargaining Agreement, the Company agreed to pay to the Fund certain sums of money for each hour worked by its employees that were covered by the Collective Bargaining Agreement.   The Company also agreed, pursuant to the Collective Bargaining Agreement, to be bound by the Fund's Restated Agreement and Declaration of Trust and by the Rules and Regulations of the National Automatic Sprinkler Industry Pension Plan ("Plan").

7.      The Company's last Collective Bargaining Agreement with Local 669 expired March 31, 2016, after which it did not enter into a successor agreement.

8.      In or around June 2017, the Fund became aware that the Company was performing work in the jurisdiction of Local 669 of the type for which it previously had been obligated to contribute to the Fund.   Such work occurred within five years after the date on which the Company's obligation to contribute to the Fund ceased, and it has not signed a new Collective Bargaining Agreement with Local 669 or otherwise renewed its obligation to contribute to the Fund.   Therefore, the Company has experienced a complete withdrawal from the Fund within the meaning of 29 U.S.C. § 1383(b)(2).

9.      On July 7, 2017, the Fund sent a letter to the Company's President, Robert Vezina, notifying him of the Fund's determination that the Company experienced a complete withdrawal and, as a result, was subject to withdrawal liability in the lump sum amount of $37,326.00.   The letter provided an amortization schedule requiring six (6) quarterly payments of $5,704.12 each and one final payment of $4,189.52.   It stated the first payment was due on September 1, 2017 and, thereafter, quarterly payments were due on the first day of the third month of each calendar quarter.

10.     The assessment letter was received by Defendant on July 10, 2017, as reflected on the signed return receipt.

11.     The Fund did not receive Defendant's September 1, 2017 payment.

12.     By letter dated October 13, 2017, the Fund notified the Company that its first installment payment was past due.  The letter provided that the Company had sixty (60) days in which to cure its non-payment, and if it failed to do so, the entire sum of the Company's withdrawal liability, plus interest, would become immediately due and owing.

13.     The Company received the Fund's letter October 16, 2017 as evidenced by the signed return receipt.  The Fund did not receive any payment in response.

<u>COUNT I</u>

**(To Collect Unpaid Withdrawal Liability)**

14.     Plaintiffs hereby restate and incorporate by reference the foregoing Paragraphs 1 through 13 as if fully set forth in this Count I.

15.     Defendant did not request review of any dispute with the Fund's assessment of withdrawal liability within the ninety day period for such requests set forth in 29 U.S.C. § 1399(b)(2)(A) or at any time.

16.     More that 60 days have passed since the Company received the Fund's October 13, 2017 late payment notice, which failure was not cured, rendering the Company in default as defined in 29 U.S.C. § 1399(c)(5).

17.     Because more than 61 days have passed since the expiration of the time for the Company to request review of the Fund's determination as set forth in 29 U.S.C. § 1399(b)(2)(A),  Defendant is also in default as defined in 29 C.F.R. § 4219.31(c)(1).

18.     By letter dated December 18, 2017, the Fund, through counsel, notified the Company that it was in default and demanded it make immediate payment of its entire

4

outstanding withdrawal liability with interest.  The letter was delivered December 21, 2017.  To date, the Company has not made any payments.

19.     29 U.S.C. § 1451(b) provides that any failure of an employer to make any withdrawal liability payment within the time prescribed by law shall be treated in the same manner as a delinquent contribution under 29 U.S.C. § 1145, and provides for a right of action to collect same.

20.     Furthermore, 29 U.S.C. § 1132 provides for civil enforcement of ERISA's provisions, including 29 U.S.C. § 1145.  Specifically, 29 U.S.C. § 1132(g)(2) provides that, in any action to enforce 29 U.S.C. § 1145 in which a judgment in favor of a plan is awarded, the court shall award the plan the unpaid contributions, interest on same, an amount equal to the greater of the interest on the unpaid contributions or liquidated damages provided for under the plan in an amount not in excess of 20 percent of the unpaid contributions, reasonable attorneys' fees and costs of the action, and such other legal and equitable relief as the court deems appropriate.

21.     In addition, 29 U.S.C. § 1132(g)(2) provides that interest on unpaid contributions shall be determined using the rate provided in the plan, or, if none, the rate prescribed under 26 U.S.C. § 6621.  Section 10.05(d)(2) of the Plan provides that unpaid withdrawal liability payments shall be charged interest

> from the date the payment was due to the date it is paid at an annual rate equal to the prime rate charged by [JP Morgan Chase & Co.] on the first day of the calendar quarter preceding the due date of the payment.  For each succeeding twelve (12) month period that any amount in default remains unpaid, interest shall be charged on the unpaid balance (including accrued interest) at the prime rate in effect on the anniversary date of the date as of which the initial interest rate was determined.

Plan Section 10.05(d)(2).

22.     The first day of the calendar quarter preceding September 1, 2017 (first payment due date under the payment schedule) was June 1, 2017.  The prime rate charged by JP Morgan Chase & Co. on that date, as shown on http://www.jpmorganchase.com/corporate/About-JPMC/historical-prime-rate, was 4.00%.

23.     Section 10.05(e) of the Plan provides that,

> [i]n any suit by the Trustees to collect withdrawal liability, … if judgment is awarded in favor of the Plan, the Employer will pay to the Plan, in addition to the unpaid liability and interest thereon as determined [as described in Paragraph 21 above], liquidated damages equal to the greater of: (1) the amount of interest charged on the unpaid balance, or (2) 20 percent of the unpaid amount awarded.

Plan Section 10.05(e).

24.     Defendant failed to make the quarterly payment due to the Fund on September 1, 2017 under the payment schedule established in the Fund's July 7, 2017 letter, and it did not cure that failure within 60 days of their receipt of the Fund's October 13, 2017 late payment notice. Defendant is, therefore, in default of the entire withdrawal liability assessment of $37,326.00.

25.     Pursuant to 29 U.S.C. § 1132(g)(2) and Plan Section 10.05(d)(2), Defendant is also obligated to the Fund for interest on the entire unpaid withdrawal liability from the due date of the first missed payment to the date of payment at the initial interest rate of 4.00%.

26.     Pursuant to 29 U.S.C. § 1132(g)(2) and Plan Section 10.05(e), Defendant is also obligated to the Fund in the amount of $7,465.20 in liquidated damages, which is 20% of the total outstanding withdrawal liability of $37,326.00 owed by Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray relief on Count I against Defendant as follows:

A.     Judgment in the principal amount of $37,326.00, representing the total outstanding withdrawal liability due from Defendant;

B.      Interest on the principal amount set forth in Paragraph A, assessed at an initial rate of 4.00% per annum, pursuant to 29 U.S.C. § 1132(g)(2)(B) and the terms of the Plan, from September 1, 2017 until the date of judgment;

C.      Liquidated damages in the amount of $7,465.20, which is 20% of the principal amount set forth in Paragraph A, pursuant to 29 U.S.C. § 1132(g)(2)(C)(ii) and the terms of the Plan;

D.      Post-judgment interest pursuant to 28 U.S.C. § 1961;

E.      Costs and reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g); and

F.      For such further legal and equitable relief as the Court may deem appropriate.

Respectfully submitted,

Date: <u>January 25, 2018</u>          By: _____/s/_____
                                        Dinah S. Leventhal (MD Fed. Bar No. 024818)
                                        **O'DONOGHUE & O'DONOGHUE LLP**
                                        5301 Wisconsin Avenue, N.W., Suite 800
                                        Washington, D.C.  20015
                                        (202) 362-0041 telephone
                                        (202) 362-2640 facsimile
                                        dleventhal@odonoghuelaw.com
                                        (Signed by Jacob N. Szewczyk with permission
                                        of Dinah S. Leventhal)

                                        _____/s/_____
                                        Jacob N. Szewczyk (MD Fed. Bar No. 19916)
                                        **O'DONOGHUE & O'DONOGHUE LLP**
                                        5301 Wisconsin Avenue, N.W., Suite 800
                                        Washington, D.C.  20015
                                        (202) 362-0041 telephone
                                        (202) 362-2640 facsimile
                                        jszewczyk@odonoghuelaw.com

                                        *Attorneys for Plaintiffs, The Trustees of the National Automatic Sprinkler Industry Pension Fund*

296988_2

## CERTIFICATE OF SERVICE

This is to certify that, on this <u>25th</u> day of January 2018, a copy of the foregoing Complaint has been served by certified mail, as required by Sections 502(h) and 4301(g) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1132(h), 1451(g), on the following:

The Office of Division Counsel
Associate Chief Counsel (TE/GE) CC: TEGE
Room 4300
1111 Constitution Avenue
Washington, DC  20224
Attention:  Employee Plans

Secretary of Labor
200 Constitution Avenue, N.W.
Washington, DC  20210
ATTENTION:  Assistant Solicitor for
        Plan Benefits Security

Pension Benefit Guarantee Corporation
1200 K Street, N.W.
Washington, DC 20005
ATTENTION: MEPD Insurance
        Programs Department

_____/s/_____
Jacob N. Szewczyk